John M. Vanmeter *v.* J. C. Corcoran et al.

[Abstract Kentucky Law Reporter, Vol. 2—216.]

**Release of Sureties in Building Contract.**

　　When it is stipulated in a building contract that the last payment should be made when the building is completed according to the terms of the contract, the owner is entitled to retain that sum until the contract is complied with; and where such sum is paid over to the contractor and not retained a surety on the contractor's bond is released to the amount of said sum.

APPEAL FROM FRANKLIN CIRCUIT COURT.

February 5, 1881.

Opinion by Judge Cofer:

That Sower and Sallender are mere sureties and not co-contractors is clear from the contract and indorsement thereon signed by them. The stipulation that the last payment should be made

when the house was completed according to the terms of the contract entitled the appellant to retain that sum until the contract was complied with.

The security thus provided was as effectual as if Corcoran, at the time of entering into the contract, had placed a sum equal to the last payment in appellant's hands as security for the due completion of the work. If that had been done and the appellant had surrendered the money thus deposited, we presume no one would contend that the sureties were not released to that extent from liability. It is too well settled to require either argument or authority to prove that, if a principal places securities in the hands of a creditor and also gives personal security, the creditor is bound as between himself and the sureties to hold on to the securities for their indemnity, and that if he surrenders the securities he releases the sureties to the extent of the value of the securties surrendered. It was, therefore, the appellant's duty to Sower and Sallender to withhold the last payment until the work was completed.

If he did not do so he has discharged them to the extent of the last payment. If he did not pay it then he has full indemnity in his own hands, and has no cause of complaint against the sureties. It is true he states his damages in the original petition at $1,000; but in the last amended petition, in which he sets out the items for which he claims damages and the amount claimed for each, he only claims damages to the amount of between four and five hundred dollars.

It is suggested in the argument that Corcoran could not complete the work without the last payment, and that it was applied by him to the completion of the job. This is not alleged, but if it was it would not alter the case. The appellant had a right to withhold the payment, and should have done so, and if Corcoran failed to comply with his contract the sureties would have been liable. If that course had been pursued the appellant might have employed another to complete the work and have received of the sureties the cost, less the amount of the last payment then in his hands. But he had no right without their consent to pay it to Corcoran.

The judgment sustaining the demurrer is right and must be *affirmed*.

*Ira Julian, for appellant.*

*A. Duvall, for appellees.*